IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA MATSON, on behalf of herself and those similarly situated,<br>4 Woodcrest Drive<br>Eastampton, NJ 08060<br><br>     Plaintiff,<br><br> v.<br><br>SCO, SILVER CARE OPERATIONS, LLC d/b/a ALARIS HEALTH AT CHERRY HILL,<br>1417 Brace Road<br>Cherry Hill, NJ 08034<br><br>    and<br><br>SOUTH CENTER STREET NURSING LLC d/b/a ALARIS HEALTH AT ST. MARY'S,<br>135 South Center Street<br>Orange, NJ 07050<br><br>    and<br><br>AVERY EISENREICH,<br>1347 E 23rd St.<br>Brooklyn, NY 11210<br><br>     Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER THE FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER THE NEW JERSEY WAGE AND HOUR LAW AND FOR CIVIL CONSPIRACY<br><br>Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

**INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT**

Named Plaintiff Lisa Matson (hereinafter referred to as "Named Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendants SCO, Silver Care Operations, LLC d/b/a Alaris Health at Cherry Hill, and South Center Street Nursing LLC d/b/a Alaris Health at St. Mary's, and Avery Eisenreich (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA and NJWHL.

2. Additionally, Named Plaintiff has initiated the instant action to redress Defendants' violations of New Jersey common law by committing civil conspiracy. Defendants conspired to deny Named Plaintiff and those similarly situated their lawful wages due under the FLSA and the NJWHL by failing to pay proper overtime compensation.

## PARTIES

3. The foregoing paragraphs are incorporated herein as if set forth in full.

4. Named Plaintiff is an adult individual with an address as set forth in the caption.

5. Defendant SCO, Silver Care Operations, LLC d/b/a Alaris Health at Cherry Hill (hereinafter referred to as "Defendant Cherry Hill") is an entity operating a nursing and rehabilitation center at an address as set forth in the caption.

6. Defendant South Center Street Nursing LLC d/b/a Alaris Health at St. Mary's (hereinafter referred to as "Defendant St. Mary's") is an entity operating a nursing and rehabilitation center at an address as set forth in the caption.

7. Defendant Avery Eisenreich (hereinafter referred to as "Defendant Eisenreich") is an individual and owner of Defendants Cherry Hill and St. Mary's.

8. Because of their interrelation of operations, common management, common control over labor relations, and other factors as they relate to Named Plaintiff and those

similarly situated, Defendants Cherry Hill and St. Mary's are sufficiently interrelated and integrated in their activities, labor relations, and management as same relate to Named Plaintiff and those similarly situated that they may be treated as a single employer for purposes of the instant action.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

10. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who worked for Defendants as non-exempt, hourly employees at any point during the three years preceding the date the instant action was initiated, who were subject to Defendants' unlawful pay practices and policies discussed herein (the members of this putative class are referred to as "Collective Plaintiffs").

12. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar pay provisions and are all subject to Defendants' unlawful policies and practices as discussed infra.

13. There are numerous similarly situated current and former employees of Defendants who were improperly compensated for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

14. Similarly situated employees (i.e. Collective Plaintiffs) are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

15. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

16. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

17. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings her claims to redress Defendants' violations of the NJWHL and for civil conspiracy in violation of New Jersey common law on behalf of herself and those similarly situated.

18. Specifically, Named Plaintiff seeks to represent a class of all persons who worked for Defendants as non-exempt, hourly employees at any point during the two years preceding the date the instant action was initiated, who were subject to Defendants' unlawful pay practices and policies discussed herein (the members of this putative class are referred to as "Class Plaintiffs").

19. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, upon information and belief, the number of potential class members is over forty (40).

20. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, were employers of Defendants in New Jersey whom Defendants failed to properly compensate for overtime hours worked as required by the NJWHL.

21. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the Class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

22. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

24. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendants failed to pay proper overtime wages to Named Plaintiff and Class Plaintiffs who worked at multiple locations during the same workweek, 2) whether Defendants conspired to deny Named Plaintiff and Class Plaintiffs wages owed to them under the New Jersey Wage and Hour Law.

**FACTUAL BACKGROUND**

25. The foregoing paragraphs are incorporated herein as if set forth in full.

26. From in or around October 2013 to on or about December 7, 2016, Named Plaintiff worked for Defendants as a Registered Respiratory Therapist.

27. Named Plaintiff earned $33.00 per hour.

**Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs Were/Are Non-Exempt Under the FLSA and NJWHL**

28. The foregoing paragraphs are incorporated herein as if set forth in full.

29. At all times relevant, Defendants paid Named Plaintiff an hourly wage, not a salary.

30. Defendants paid/pay Collective/Class Plaintiffs hourly wages, not salaries.

31. During Named Plaintiff's employment with Defendants, Named Plaintiff did not have the authority to hire or fire other employees of Defendants.

32. During Collective/Class Plaintiffs' employment with Defendants, Collective/Class Plaintiffs did/do not have the authority to hire or fire other employees of Defendants.

33. During Named Plaintiff's employment with Defendants, Named Plaintiff did not have the authority to schedule employees of Defendants.

34. During Collective/Class Plaintiffs' employment with Defendants, Collective/Class Plaintiff did/do not have the authority to schedule employees of Defendants.

35. At no time did Named Plaintiff perform office or non-manual work directly related to the management or general business operations of Defendants that involved the exercise discretion or independent judgment over matters of significance.

36. At no time did/do Collective/Class Plaintiff perform office or non-manual work directly related to the management or general business operations of Defendants that involved the exercise discretion or independent judgment over matters of significance.

37. At all times relevant herein, Defendants considered Named Plaintiff as a non-exempt employee under the FLSA and NJWHL.

38. At all times relevant herein, Defendants considered/consider Collective/Class Plaintiffs as non-exempt employees under the FLSA and NJWHL.

39. Accordingly, at all times relevant herein Named Plaintiff and Class Plaintiffs were/are non-exempt employees entitled to overtime compensation as required by the FLSA and NJWHL.

**Defendants' Failure to Pay Overtime Wages for Overtime Hours Worked During Workweeks Spent at More than One of Defendants' Facilities**

40. The foregoing paragraphs are incorporated herein as if set forth in full.

41. Defendant Eisenreich owns both Defendant Cherry Hill and Defendant St. Mary's.

42. The payrolls for employees of Defendant Cherry Hill and Defendant St. Mary's are processed centrally by Defendants' payroll administrator, Joanne Rocco.

43. In addition to Defendant Cherry Hill and Defendant St. Mary's, Defendant Eisenreich operates several other nursing and rehabilitative facilities doing business under the Alaris trade name and/or other trade names (e.g. Advanced Respiratory Care).

44. All facilities owned and operated by Defendant Eisenreich, including Defendant Cherry Hill and Defendant St. Mary's, are sufficiently related to each other with respect to Named Plaintiff and Collective/Class Plaintiffs to be considered joint employers under the FLSA and NJWHL.

45. As detailed herein, Defendant Eisenreich utilizes a scheme to evade the FLSA and NJWHL overtime requirements by treating each of the facilities owned by Defendant Eisenreich as separate and distinct employers.

46. No facility owned by Defendant Eisenreich, including Defendants Cherry Hill and St. Mary's, considered/considers the hours its employees work at Defendant Eisenreich's other facilities during a workweek when determining how much overtime is owed to an employee.

47. Until in or around April 2015, Named Plaintiff exclusively worked at Defendant Cherry Hill.

48. In or around April 2015, Named Plaintiff also began working at Defendant St. Mary's.

49. Thereafter, during at least nine (9) two-week pay periods, Named Plaintiff worked at both Defendants Cherry Hill and St. Mary's during the same workweeks.

50. As a result of working at both facilities, Named Plaintiff typically worked over 40 total hours per workweek.

51. However, Defendants did not aggregate the hours that Named Plaintiff worked at Defendants Cherry Hill and St. Mary's for the purpose of paying Named Plaintiff overtime wages.

52. Accordingly, Defendants regularly failed to pay Named Plaintiff at least one and one-half times her regular rate for all hours worked over 40 hours in a workweek.

53. By way of example only, during the two-week pay period beginning on August 16, 2015 and ending on August 29, 2015 (True and correct copies of Named Plaintiff's paystubs for the pay period of August 16, 2015 to August 29, 2015 are attached and incorporated herein as **Exhibit A**)[1]:

---

[1] Named Plaintiff's allegations in ¶¶ 44-51 are more than sufficient to state a claim for unpaid overtime wages under the FLSA and NJWHL. *See Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 241, 243 (3d Cir. 2014) ("[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently alleged [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of the [forty] hours." "[A] Plaintiff's claim that she "typically"

a. Named Plaintiff worked 74 straight-time hours at Defendant Cherry Hill, for which she earned $2,442.00 ($33.00 per hour * 74 hours);

b. Named Plaintiff also worked 12 hours at Defendant St. Mary's, for which she earned $396.00 ($33.00 per hour * 12 hours);

c. Accordingly, Named Plaintiff worked 86 total hours at Defendants' facilities (74 + 12);

d. Although without discovery Named Plaintiff cannot determine exactly how many hours over 40 she worked during each week of the two-week pay period, it is clear from the pay records that Named Plaintiff worked *at least* 6 overtime hours during the pay period (86 total hours – 80 hours);

e. Despite the fact that Named Plaintiff worked at least 6 overtime hours, Defendants failed to pay her any compensation in the form of an overtime premium in addition to her regular rate.

f. Defendants should have paid Named Plaintiff an overtime premium of at least 50% of her regular rate or $16.50 per hour ($33.00 per hour * 0.5) for each overtime hour she worked, which would have resulted in Named Plaintiff earning *at least* $99.00 ($16.50 per hour * 6 overtime hours) during this pay period.

54. By way of further example, during the two-week pay period beginning on August 30, 2015 and ending on September 12, 2015 (True and correct copies of Named Plaintiff's paystubs for the pay period of August 30, 2015 to September 12, 2015 are attached and incorporated herein as **Exhibit B**):

---

worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice.")

a. Named Plaintiff worked 59 straight-time hours at Defendant Cherry Hill, for which she earned $1,947.00 ($33.00 per hour * 59 hours);

b. Named Plaintiff also worked 48 hours at Defendant St. Mary's, for which she earned $1,584.00 ($33.00 per hour * 48 hours);

c. Accordingly, Named Plaintiff worked 107 total hours at Defendants' facilities (59 + 48);

d. Although without discovery Named Plaintiff cannot determine exactly how many hours over 40 she worked during each week of the two-week pay period, it is clear from the pay records that Named Plaintiff worked *at least* 27 overtime hours during the pay period (107 total hours – 80 hours);

e. Despite the fact that Named Plaintiff worked at least 27 overtime hours, Defendants failed to pay her any compensation in the form of an overtime premium in addition to her regular rate.

f. Defendants should have paid Named Plaintiff an overtime premium of at least 50% of her regular rate or $16.50 per hour ($33.00 per hour * 0.5) for each overtime hour she worked, which would have resulted in Named Plaintiff earning *at least* $445.50 ($16.50 per hour * 27 overtime hours) during this pay period.

55. By way of further example, during the two-week pay period beginning on September 27, 2015 and ending on October 10, 2015 (True and correct copies of Named Plaintiff's paystubs for the pay period of September 27, 2015 to October 10, 2015 are attached and incorporated herein as **Exhibit C**):

a. Named Plaintiff worked 60 straight-time hours at Defendant Cherry Hill, for which she earned $1,980.00 ($33.00 per hour * 60 hours);

b. Named Plaintiff also worked 24 hours at Defendant St. Mary's, for which she earned $792.00 ($33.00 per hour * 24 hours);

c. Accordingly, Named Plaintiff worked 84 total hours at Defendants' facilities (60 + 24);

d. Although without discovery Named Plaintiff cannot determine exactly how many hours over 40 she worked during each week of the two-week pay period, it is clear from the pay records that Named Plaintiff worked *at least* 4 overtime hours during the pay period (84 total hours – 80 hours);

e. Despite the fact that Named Plaintiff worked at least 4 overtime hours, Defendants failed to pay her any compensation in the form of an overtime premium in addition to her regular rate.

f. Defendants should have paid Named Plaintiff an overtime premium of at least 50% of her regular rate or $16.50 per hour ($33.00 per hour * 0.5) for each overtime hour she worked, which would have resulted in Named Plaintiff earning *at least* $66.00 ($16.50 per hour * 4 overtime hours) during this pay period.

56. By way of further example, during the two-week pay period beginning on March 27, 2016 and ending on April 9, 2016 (True and correct copies of Named Plaintiff's paystubs for the pay period of March 27, 2016 to April 9, 2016 are attached and incorporated herein as **Exhibit D**):

a. Named Plaintiff worked 72 straight-time hours at Defendant Cherry Hill, for which she earned $2,376.00 ($33.00 per hour * 72 hours);

b. Named Plaintiff also worked 11.75 hours at Defendant St. Mary's, for which she earned $387.75 ($33.00 per hour * 11.75 hours);

c. Accordingly, Named Plaintiff worked 83.75 total hours at Defendants' facilities (72 + 11.75);

d. Although without discovery Named Plaintiff cannot determine exactly how many hours over 40 she worked during each week of the two-week pay period, it is clear from the pay records that Named Plaintiff worked *at least* 3.75 overtime hours during the pay period (83.75 total hours – 80 hours);

e. Despite the fact that Named Plaintiff worked at least 3.75 overtime hours, Defendants failed to pay her any compensation in the form of an overtime premium in addition to her regular rate.

f. Defendants should have paid Named Plaintiff an overtime premium of at least 50% of her regular rate or $16.50 per hour ($33.00 per hour * 0.5) for each overtime hour she worked, which would have resulted in Named Plaintiff earning *at least* $61.88 ($16.50 per hour * 3.75 overtime hours) during this pay period.

57. By way of further example, during the two-week pay period beginning on April 10, 2016 and ending on April 23, 2016 (True and correct copies of Named Plaintiff's paystubs for the pay period of April 10, 2016 to April 23, 2016 are attached and incorporated herein as **Exhibit E**):

a. Named Plaintiff worked 70.75 straight-time hours at Defendant Cherry Hill, for which she earned $2,334.75 ($33.00 per hour * 70.75 hours);

b. Named Plaintiff also worked 46 hours at Defendant St. Mary's, for which she earned $1,518.00 ($33.00 per hour * 46 hours);

c. Accordingly, Named Plaintiff worked 84 total hours at Defendants' facilities (70.75 + 46);

d. Although without discovery Named Plaintiff cannot determine exactly how many hours over 40 she worked during each week of the two-week pay period, it is clear from the pay records that Named Plaintiff worked *at least* 36.75 overtime hours during the pay period (116.75 total hours – 80 hours);

e. Despite the fact that Named Plaintiff worked at least 36.75 overtime hours, Defendants failed to pay her any compensation in the form of an overtime premium in addition to her regular rate.

f. Defendants should have paid Named Plaintiff an overtime premium of at least 50% of her regular rate or $16.50 per hour ($33.00 per hour * 0.5) for each overtime hour she worked, which would have resulted in Named Plaintiff earning *at least* $606.38 ($16.50 per hour * 36.75 overtime hours) during this pay period.

58. The above are merely examples of Defendants' conduct and demonstrate how same injured Named Plaintiff during pay periods in which she worked more than 40 hours in a workweek while working at more than one of Defendants' facilities during the same workweek.

59. Collective/Class Plaintiffs regularly worked/work at more than one of Defendants' facilities during the same workweek.

60. Defendants acted in concert to schedule Named Plaintiff in this manner to deny Named Plaintiff owed overtime wages.

61. Defendants failed/fail to aggregate the total hours worked by Collective/Class Plaintiffs at Defendants' facilities during the same workweek for the purpose of paying overtime wages for hours worked in excess of 40 hours in a workweek.

62. Accordingly, Defendants failed/fail to pay Collective/Class Plaintiffs at least one and one-half times their regular rates for all hours worked in excess of 40 hours for the

workweeks in which they worked at more than one of Defendants' facilities and worked over 40 hours total.

63. Defendants' failure to pay proper overtime wages for all hours worked over 40 during workweeks in which Named Plaintiff and Collective/Class Plaintiffs worked/work at more than one of Defendants' facilities occurred/occurs in nearly all workweeks in which Named Plaintiff and Collective/Class Plaintiffs worked more than 40 hours while working at more than one of Defendants' facilities during the same workweek.

64. As a result of Defendants' aforesaid conduct, Named Plaintiff and Collective/Class Plaintiffs have suffered damages.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**

65. The foregoing paragraphs are incorporated herein as if set forth in full.

66. At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

67. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendants as "non-exempt employees" within the meaning of the FLSA.

68. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

69. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his or her regular rate for each hour worked in excess of forty (40) hours per workweek.

70. Defendants' violations of the FLSA include failing to pay Named Plaintiff and Collective Plaintiffs at least one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

71. Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs proper overtime wages was/is willful and was/is not based upon any reasonable interpretation of the law.

72. As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

73. The foregoing paragraphs are incorporated herein as if set forth in full.

74. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the NJWHL.

75. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiff and Class Plaintiffs.

76. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendants as "employees" within the meaning of the NJWHL.

77. Under the NJWHL, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

78. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs proper overtime compensation for all hours worked beyond 40 per workweek violated the NJWHL.

79. Defendants' conduct in failing to properly pay Named Plaintiff and Class Plaintiffs was/is willful and was/is not based upon any reasonable interpretation of the law.

80. Defendants' conduct caused Named Plaintiff and Class Plaintiffs to suffer damages.

## COUNT III
### Violations of the New Jersey Common Law
### (Civil Conspiracy)
### (Named Plaintiff and Class Plaintiffs v. Defendants)

81. The foregoing paragraphs are incorporated herein as if set forth in full.

82. At all relevant times, as outlined above, Defendants agreed to coordinate and actually coordinated their employment policies and practices, including scheduling of hours, the payment of wages, and the decision not to pay overtime wages for hours worked over 40 hours in a workweek as a result of working at more than one location for the purpose of denying Named Plaintiff and Class Plaintiffs overtime wages owed under the New Jersey Wage and Hour Law.

83. Defendants' conduct caused Named Plaintiff and Class Plaintiffs to suffer damages.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws;

B. Defendants are to compensate, reimburse, and make Named Plaintiff and Collective/Class Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

C. Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

D. Named Plaintiff and Collective/Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Named Plaintiff and Collective/Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq.
Daniel A. Horowitz, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: March 23, 2017

## **DEMAND TO PRESERVE EVIDENCE**

1. All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Collective/Class Plaintiffs' employment, to their cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.