UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

LISA MATSON, on behalf of herself and those
similarly situated
4 Woodcrest Drive
Easthampton, NJ 08060,
           Plaintiff,
    v.

SCO, SILVER CARE OPERATIONS, LLC
d/b/a ALARIS HEALTH AT CHERRY
HILL                                          Civil Action No.:
1417 Brace Road                        17-cv-01918 (NLH)(KMW)
Cherry Hill, NJ 08034

    And

SOUTH CENTER STREET NURSING LLC
d/b/a ALARIS HEALTH AT ST. MARY'S
135 South Center Street
Orange, NJ 07050
    And
AVERY EISENREICH,
1347 E.23rd St.
Brooklyn, NY 11210

        Defendants.
_____

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
_____

                                                                            Respectfully Submitted,

                                                                            Stuart A. Weinberger
                                                                            Goldberg & Weinberger LLP
                                                                            630 Third Avenue, 18th Floor
                                                                            New York, New York 10017
                                                                            (212) 867-9595 x 313

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... i

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .................................................................................... 1

ARGUMENT .......................................................................................................... 2

      POINT I
      PLAINTIFF'S CLAIM AGAINST AVERY EISENREICH
      MUST BE DISMISSED ......................................................................... 3

      POINT II
      PLAINTIFF'S COLLECTIVE ACTION CLAIM AGAINST
      DEFENDANTS MUST BE DISMISSED ............................................. 5

      POINT III
      PLAINTIFF'S CLASS ACTION CLAIM AGAINST
      DEFENDANTS MUST BE DISMISED ............................................. 7

      POINT IV
      PLAINTIFF'S CIVIL CONSPIRACY CLAIM
      MUST BE DISMISSED ......................................................................... 9

CONCLUSION ..................................................................................................... 11

## **TABLE OF AUTHORITIES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................... 2, 7

*Banco Popular North America v. Gandi,*
    184 N.J. 161 (2005) ............................................................................................. 10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................2, 7, 8

*City of Pittsburgh v. W. Penn Power Co.*,
    147 F.3d 256 (3d Cir. 1998)................................................................................... 3

*Cook v. Flight Services and Systems, Inc.*,
    No. 16-CV-15759, 2017 WL 1407808 (E.D. La. April 20, 2017).................................. 6

*Creech v. Holiday CVS, LLC*,
    No. 11-CV-46 (BAJ) (DLD), 2012 WL 4483384 (M.D. La. Sept. 28, 2012) .................. 6

*Dyer v. Lara's Trucks, Inc.*,
    No. 12-CV-1785 (TWT), 2013 WL 609307 (N.D. Ga. Feb. 9, 2013) ............................ 6

*Ecoquij-Tzep v. Grill,*
    No. 16-CV-00625 (BMGL), 2016 WL 3745685 (N.D. Tex. July 12, 2016).................... 6

*England v. Administrators of the Tulane Educational Fund,*
    No. 16-CV-3184 (CJB), 2016 WL 3902595 (E.D. La. July 19, 2016) .......................... 6

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ................................................................................................ 2

*Flores v. Act Event Services, Inc.,*
    55 F.Supp.3d 928 (N.D. Tex. 2014)...................................................................... 6

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009).................................................................................. 2

*Gutwirth v. Woodford Cedar Run Wildlife Refuge,*
    38 F.Supp.3d 485 (D.N.J. 2014) ......................................................................... 11

*Haybarger v. Lawrence County Adult Prob. & Parole,*
    667 F.3d 408 (3d Cir. 2012).............................................................................. 3, 4

*Herman v. RSR Sec. Servs.,*
    172 F.3d 132 (2d Cir. 1999).................................................................................. 4

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)..................................................................................... 3

*In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation,*
    683 F.3d 462 (3d Cir. 2012)........................................................................................ 4

*Kemp v. Target Corp.,*
    No. 12-CV-3858 (VEH), 2013 WL 5289799 (N.D. Ala. Sept. 18, 2013)....................... 7

*Kronick v. bebe Stores, Inc.,*
    No. 07-CV-5414 (RBK), 2008 WL 4509610 (D.N.J. Sept. 29, 2008).......................... 11

*Landry v. Peter Pan Bus Lines, Inc.,*
    No. 09-CV-11012 (RWZ), 2009 WL 9417053 (D. Mass. November 20, 2009)............. 7

*Malleus v. George*,
    641 F.3d 560 (3d Cir. 2011)........................................................................................ 3

*Meggs v. Condotte Am., Inc.,*
    No. 12-CV-20876 (JG) 2012 WL 3562031 (S.D. Fla. Aug. 17, 2012)........................... 5

*Moeck v. Gray Supply Corp.,*
    No. 03-CV-1950 (WGB), 2006 WL 42368 (D.N.J. Jan. 6, 2006) ................................ 11

*Morgan v. Union County Bd. of Chosen Freeholders,*
    633 A.2d 985, 998 (App. Div. 1993)........................................................................... 10

*Nardier v. A-1 Limousine, Inc.*,
    No. 14-2212 (FLW), 2014 WL 5025921 (D.N.J. Oct. 8, 2014) ..................................... 7

*Peck v. Hillside Children's Center,*
    915 F.Supp.2d 435 (W.D.N.Y. 2013)............................................................................ 5

*Pickering v. Lorrillard Tobacco Co., Inc.,*
    No. 10-CV-633 (WKW)(WO), 2011 WL 111730 (M.D. Ala. Jan. 13, 2011)................. 6

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)........................................................................................ 3

*Portes v. Tan,*
    2014 WL 463140 (App. Div. 2014) ............................................................................ 10

*Pruell v. Caritas Christi*,
    678 F.3d 10 (1st Cir. 2012)......................................................................................... 5

*Rowe v. Morgan Stanley Dean Witter,*
    191 F.R.D. 398 (D.N.J. 1999) .................................................................................. 8

*Thompson v. Real Estate Mortg. Network*,
    748 F.3d 142 (3d Cir. 2014) .................................................................................... 3

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974) ................................................................................................ 2

*Shakib v. Back Bay Rest. Grp., Inc.,*
    No. 10-CV-4564 (DMC)(JAD), 2011 WL 4944654 (D.N.J. Sept. 30, 2011) ................ 11

*SCO Silver Care Operations, LLC*,
    No. 13-7910, 2014 WL 5410627 (NLF)(AMD) ............................................................ 9

*Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*,
    No. 12-CV-6542 (JED), 2013 WL 5655480 (E.D. Pa Oct. 17, 2013) ............................ 8

*Strzakowski v. General Motors Corp.,*
    No. 04-CV-4740 (JHR) 2005 WL 2001912 (D.N.J Aug. 16, 2005) ............................... 8

*St. Croix v. Genentech, Inc.,*
    No. 12-CV-891 T-33 (EAJ), 2012 WL 2376668 (M.D. Fla. June 22, 2012) ................... 5

*Verdecchio v. Tri-County Real Estate Maintenance Co., Inc.*,
    No. 12-CV-1577 (RBK) (KMW), 2012 WL 6624200 (D.N.J. Dec. 19, 2012) ............... 5

*Wang v. Saker Shoprites, Inc.*,
    No. 16-CV-2443 (MAS) (TJB), 2017 WL 380911 (D.N.J. Jan. 26, 2017) .................... 5

*White v. Rick Bus Co.,*
    743 F.Supp.2d 380, 386 (D.N.J. 2010) ...................................................................... 5

**STATUTES**

Fair Labor Standards Act ("FLSA") ................................................................................. passim

New Jersey Wage and Hour Law ............................................................................ 1, 4, 5, 7, 10

**PRELIMINARY STATEMENT**

Defendants SCO, Silvercare Operations, LLC d/b/a Alaris Health at Cherry Hill, South Center Street Nursing LLC, d/b/a Alaris Health at St. Mary's (collectively "SCO") and Avery Eisenreich (hereinafter "Defendants") hereby move to dismiss certain claims asserted by Plaintiff Lisa Matson in her complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth below, Plaintiff has: (1) failed to establish a claim against Avery Eisenreich; (2) failed to allege facts sufficient for a collective action under the Fair Labor Standard Act ("FLSA"); (3) failed to allege facts sufficient for a class action under New Jersey Wage and Hour Law ("NJWHL"); and (4) failed to establish a claim of civil conspiracy under New Jersey common law.

**STATEMENT OF FACTS**

In October 2013, Plaintiff Lisa Matson began working for Defendant SCO, a rehabilitation facility and nursing home located in Cherry Hill ("Cherry Hill") as a Registered Respiratory Therapist. (Def. Ex. A at ¶¶ 26, 47)[1] From October 2013 until April 2015, Plaintiff worked exclusively at Cherry Hill) From October 2013 until April 2015, Plaintiff worked exclusively at Cherry Hill ("Cherry Hill.") (*Id.* at ¶ 47.)  In April 2015, Plaintiff also began to work at a rehabilitation facility and nursing home known as St. Mary's ("St. Mary's"). (*Id.* at ¶ 48.) Cherry Hill and St. Mary's are owned by Defendant Avery Eisenreich. (*Id.* at ¶ 41.) In her position, Plaintiff earned $33.00 per hour. (*Id.* at ¶ 27.) During at least nine two-week pay periods, Plaintiff worked at both Cherry Hill and St. Mary's during the same workweeks. (*Id.* at ¶ 50.) During the weeks that she worked at both Cherry Hill and St. Mary's, her hours were not aggregated. (*Id.* at

---

[1] All of the facts recited herein are taken from the Complaint, which is annexed to the Affirmation of Stuart Weinberger, counsel for Defendants, as Exhibit A. These facts are taken to be true for purposes of this motion to dismiss only.

1

¶ 51.) As a result, according to Plaintiff, Defendants failed to pay her one and one-half times her regular rate for all hours worked over 40 in a workweek. (*Id.* at ¶ 52.)

Plaintiff worked for Defendants until December 7, 2016. (*Id.* at ¶ 26.)

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court's role on this motion is to determine if Plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although a short and plain statement is all that is required, the complaint still must give Defendants fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Detailed factual allegations are not required in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, non-specific, conclusory statements simply do not suffice because "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, Plaintiff's complaint must "show" this entitlement by alleging specific facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, the Third Circuit has held that the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are

2

sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Dismissal is appropriate if, even accepting all the facts alleged in the complaint as true, Plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means that the Complaint must contain enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of 'each required element of the claim.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. "The Court should not assume that Plaintiffs can prove facts that are not alleged in the Complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit the "'bald assertions'" or "'legal conclusions'" contained in the Complaint. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

## POINT I
### PLAINTIFF'S CLAIM AGAINST AVERY EISENREICH MUST BE DISMISSED

The Third Circuit has held that whether a person can be held individually liable for monies owed under the FLSA depends on "the totality of the circumstances rather than on the technical concepts of the employment relationship." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 152 (3d Cir. 2014) (citing *Haybarger v. Lawrence County Adult Prob. & Parole,* 667 F.3d 408, 417 (3d Cir. 2012)). In *Haybarger*, while the Court was determining the test for whether an individual could be held liable as an "employer" under the FMLA, the Court considered how courts should determine individual liability under the FLSA. In its analysis, the Court considered a number of factors, including whether the individual: (1) had the power to hire and fire the

3

employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Haybarger,* 667 F.3d 408, 419 (3d Cir. 2012) (citing *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 139 (2d Cir. 1999)); *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation,* 683 F.3d 462, 470 (3d Cir. 2012) (applying same test for purposes of determining joint employers under the FLSA).

In this case, Plaintiff's complaint falls woefully short of alleging facts which would establish that Mr. Eisenreich could be held individually liable under the FLSA. Indeed, aside from the allegations that Mr. Eisenreich owned Cherry Hill and St. Mary's, and "utilized a scheme to evade the FLSA and NJWHL overtime requirements," the complaint contains virtually no information relating to Eisenreich. For example, there are no allegations containing information regarding the degree to which he exhibits control over the facilities' daily operations, functions, financial affairs, or compensation practices. Likewise, the complaint is devoid of any allegations suggesting that Eisenreich performed any supervisory or managerial functions relating to either Cherry Hill or St. Mary's, or that he exercised any control over Plaintiff's work environment, including any personnel matters involving Plaintiff.

In order to survive a motion to dismiss, a plaintiff must, at the very least allege *some* facts to plausibly establish liability against a defendant. Here, aside from a few conclusory allegations regarding ownership, Plaintiff has utterly failed to allege any facts which would establish Eisenreich can be held individually liable.

Clearly, there has been no FLSA claim alleged against Eisenreich. As a result, the FLSA claim as asserted against Eisenreich must be dismissed. In addition, the NJWHL claims against Eisenreich must be dismissed. "[C]ourts have found 'the definitions for employer and employee

4

under the FLSA and NJWHL to be virtually identical." *Wang v. Saker Shoprites, Inc.*, No. 16-CV-2443 (MAS) (TJB), 2017 WL 380911, at *3 (D.N.J. Jan. 26, 2017). Thus, for the same reasons that Plaintiff has failed to state an FLSA claim, Plaintiff has also failed to establish a claim for Eisenreich's individual liability under the NJWHL. The NJWHL claim against Eisenreich must therefore be dismissed.

## POINT II
## PLAINTIFF'S COLLECTIVE ACTION CLAIM AGAINST DEFENDANTS MUST BE DISMISSED

Under 29 U.S.C. § 216(b), "an employee who has been denied overtime compensation may bring an action for and on behalf of [herself] and other employees similarly situated who were affected by their employer's common policy." *White v. Rick Bus Co.,* 743 F.Supp.2d 380, 386 (D.N.J. 2010). In order to maintain such an action, however, the plaintiff must "allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to the plaintiff." *Peck v. Hillside Children's Center,* 915 F.Supp.2d 435, 438 (W.D.N.Y. 2013). "[W]here, as here, a plaintiff brings suit on behalf of himself and others similarly situated, his complaint should indicate who those other employees are and explain their alleged entitlement to relief." *Verdecchio v. Tri-County Real Estate Maintenance Co., Inc.*, No. 12-CV-1577 (RBK) (KMW), 2012 WL 6624200 at *3 (D.N.J. Dec. 19, 2012). Failure to do so may result in dismissal of the FLSA collective action claims under Federal Rule 12. *Meggs v. Condotte Am., Inc.,* No. 12-CV-20876 (JG) 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012) ("where a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage."); *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012); *St. Croix v. Genentech, Inc.,* No. 12-CV-891 T-33 (EAJ), 2012 WL 2376668 (M.D. Fla. June 22,

2012); *Dyer v. Lara's Trucks, Inc.*, No. 12-CV-1785 (TWT), 2013 WL 609307 (N.D. Ga. Feb. 9, 2013); *Creech v. Holiday CVS, LLC*, No. 11-CV-46 (BAJ) (DLD), 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012); *Pickering v. Lorrillard Tobacco Co., Inc.,* No. 10-CV-633 (WKW)(WO), 2011 WL 111730 (M.D. Ala. Jan. 13, 2011).

  In her complaint, Plaintiff has failed to include any facts whatsoever that would suggest that she was "similarly situated" to other employees. While the complaint alleges facts which may show that Plaintiff was non-exempt under the FLSA, it simply recites identical language for "Collective/Class Plaintiffs," without providing any specifics whatsoever. The complaint does not describe job duties or job classifications of anyone alleged to be similarly situated to Plaintiff. The complaint does not describe any details that would establish a nexus between Ms. Matson and the putative collective action plaintiffs. In short, those who Plaintiff seeks to potentially include in the collective action are not identifiable in any way whatsoever. This failure to provide even the most minimal facts requires dismissal of the collective action claims. *See Cook v. Flight Services and Systems, Inc.*, No. 16-CV-15759, 2017 WL 1407808 at *3 (E.D. La. April 20, 2017) (dismissing collective action where plaintiffs "failed to give Defendant any details or descriptions of the similarly situated parties they purport to bring their claim on behalf."); *England v. Administrators of the Tulane Educational Fund,* No. 16-CV-3184 (CJB), 2016 WL 3902595, at *4 (E.D. La. July 19, 2016) (dismissing collective action where plaintiff failed to "provide any job descriptions of the proposed class members."); *Ecoquij-Tzep v. Grill,* No. 16-CV-00625 (BMGL), 2016 WL 3745685, at *5 (N.D. Tex. July 12, 2016) (dismissing collective action where "plaintiff did not define the alleged class anywhere in the complaint, and has thus not provided defendant with notice regarding the scope of the putative class."); *Flores v. Act Event Services, Inc.,* 55 F.Supp.3d 928, 940 (N.D. Tex. 2014) (dismissing collective action where plaintiff failed to give defendant fair

notice of potential class."); *Kemp v. Target Corp.,* No. 12-CV-3858 (VEH), 2013 WL 5289799, at *3-4 (N.D. Ala. Sept. 18, 2013) (dismissing collective action where allegations did not include job titles, job descriptions, or identify of any class member besides plaintiff); *Landry v. Peter Pan Bus Lines, Inc.,* No. 09-CV-11012 (RWZ), 2009 WL 9417053, at *1 (D. Mass. November 20, 2009) (dismissing collective action where plaintiff alleged "an unspecified number of individuals, working in unspecified jobs, at unspecified places, were compensated according to an unspecified policy or practice."); *Nardier v. A-1 Limousine, Inc.*, No. 14-2212 (FLW), 2014 WL 5025921 (D.N.J. Oct. 8, 2014) (refusing to dismiss collective action where plaintiff identified the job classification of other putative members as drivers.).

As required by *Twombly* and *Iqbal*, a complaint must contain actual factual allegations that could support a collective action, not merely "legal conclusions" and "formulaic recitation[s]" of the elements for a collective action. *Twombly*, 550 U.S. at 570. The complaint must have some "heft" in order to stand. *Id.* There is simply no exemption from the pleading requirements with respect to collective actions under the FLSA, for otherwise a defendant would be subject to costly and lengthy discovery on behalf of thousands of its employees simply by a plaintiff utilizing the word "collective action," which is basically what the Plaintiff does in this case.

Accordingly, the collective action portion of Plaintiff's FLSA and NJWHL claims should be dismissed.

### POINT III
### PLAINTIFF'S CLASS ACTION CLAIM AGAINST DEFENDANTS MUST BE DISMISSED

In order to maintain a class action under Rule 23 of the Federal Rules of Civil Procedure, a plaintiff must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses

of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Fed. R. Civ. P. 23(a)*. The Court need not wait for a class certification motion to adjudicate class issues where a court can decide such issues by reviewing the allegations contained in the complaint. *See Fed. R. Civ. P. 23(d)(4)* (courts can order "that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly."); *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, No. 12-CV-6542 (JED), 2013 WL 5655480 (E.D. Pa Oct. 17, 2013) (dismissing class action allegations where the complaint was merely a "formulaic recitation" of the elements of a class action without any factual allegation [citation omitted]); *Strzakowski v. General Motors Corp.,* No. 04-CV-4740 (JHR) 2005 WL 2001912 at *8 (D.N.J Aug. 16, 2005) ("courts permit class actions allegations to be stricken prior to discovery, such as on a Rule 12(b)(6) motion."); *Rowe v. Morgan Stanley Dean Witter,* 191 F.R.D. 398, 405 (D.N.J. 1999) (granting Rule 12(b)(6) motion to dismiss class allegations).

    In this case, dismissal is warranted because Plaintiff has failed to plead the elements for a class action under Rule 23(a). As an initial matter, Plaintiff has failed to meet the first element under Rule 23(a); Plaintiff has failed to identify the class. Clearly, Defendants are entitled to fair notice of who is involved in the class action besides a vague statement that it includes others similarly situated. Moreover, besides not identifying the class, Plaintiff's complaint does not include any other factual allegations that are required to support a class action. What Plaintiff has done is merely recite "legal conclusions" and "formulaic recitation[s]" of the elements for a class action. *Twombly*, 550 U.S. at 570. Plaintiff has failed to allege, as required by Rule 23(a)(2), any facts showing that these other putative class action members have common questions of law and fact with Plaintiff. Further, Plaintiff has not alleged a nexus between herself and the putative class

members beyond saying that what she claims happened to her also occurred to other employees. The complaint does not identify any classification or job titles of putative class members; or describe (1) how these employees were paid; (2) their rate of pay; (3) shifts worked; (4) hours worked; (5) facilities in which they worked; or (6) time period in which they worked. Plaintiff also fails to even identify her own job duties, or the job duties of those "non-exempt" employees she purports to represent.

While granting motions to dismiss class action allegations may be rare, clearly class allegations must be dismissed when there are no allegations made to support the class. *Jones v. SCO Silver Care Operations, LLC*, No. 13-7910, 2014 WL 5410627 (NLF)(AMD) (this court denying motion to dismiss but plaintiffs in that case alleged at least some information regarding putative class). In the case at bar, Plaintiff has set forth no details or allegations about the other putative members.

Therefore, Plaintiff has not set forth any facts which would suggest that there would be common questions of law or fact, or claims typical of other potential class members, or that the claims or defenses of the representative parties are typical of the claims or defenses of the class. While pleading a claim may not be a difficult barrier, clearly a plaintiff must do more than simply copy the elements of a class action and recite them in formulaic and conclusory form in a pleading.

As a result, Plaintiff's putative class action overtime claim should be dismissed.

### POINT IV
### PLAINTIFF'S CIVIL CONSPIRACY CLAIM MUST BE DISMISSED

In New Jersey, "a civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon

9

another, and an overt act that results in damage." *Banco Popular North America v. Gandi,* 184 N.J. 161, 177 (2005) (internal citations omitted). "The gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action." *Morgan v. Union County Bd. of Chosen Freeholders,* 633 A.2d 985, 998 (App. Div. 1993). Notably, "civil conspiracy is not a cause of action by itself, but rather an additional claim that requires an overt act that caused the harm in question." *Portes v. Tan,* 2014 WL 463140, at *10 (App. Div. 2014). Plaintiff's claim under New Jersey common law for civil conspiracy must be dismissed for several reasons.

First, as New Jersey courts have made clear, a civil conspiracy is an agreement among "two or more persons." *Banco Popular*, 184 N.J. at 177. Plaintiff's complaint fails to assert facts, which, even if accepted as true, establish a claim for civil conspiracy. Plaintiff has complained of the actions of one single individual person – Defendant Avery Eisenreich. As set forth in Point I, *supra*, all claims asserted against Mr. Eisenreich as an individual should be dismissed. Nevertheless, even if the purported FLSA and NJWHL claims against Mr. Eisenreich were not dismissed, Plaintiff's civil conspiracy claim fails because Plaintiff has not alleged the other person with whom Mr. Eisenreich would have "conspired." Clearly, a person cannot conspire with himself.

Moreover, the common law civil conspiracy claim is preempted by federal law. A conspiracy claim is predicated on the "underlying unlawful act" which two persons agree to commit. *Banco Popular*, 184 N.J. at 177. The underlying unlawful act allegedly committed by Defendants in this case is the failure to pay overtime wages, in violation of the FLSA. Courts in New Jersey have repeatedly concluded that the FLSA preempts a plaintiff's common law claims where the common law claims duplicate and rely upon the same facts as the FLSA claim. *See*

*Gutwirth v. Woodford Cedar Run Wildlife Refuge,* 38 F.Supp.3d 485, 489 (D.N.J. 2014) (dismissing unjust enrichment claim in FLSA case, noting that the claim "expressly relies upon the facts asserted in connection with Plaintiff's FLSA overtime claim," and "requests essentially the same relief as would be provided under a violation of the FLSA."); *Shakib v. Back Bay Rest. Grp., Inc.,* No. 10-CV-4564 (DMC)(JAD), 2011 WL 4944654, at *5 (D.N.J. Sept. 30, 2011) (state law claims arising out of same facts asserted in FLSA claims preempted); *Kronick v. bebe Stores, Inc.,* No. 07-CV-5414 (RBK), 2008 WL 4509610, at *4 (D.N.J. Sept. 29, 2008) (preempting state law claims "based on the same facts and circumstances which also form the basis of plaintiffs' FLSA claims."); *Moeck v. Gray Supply Corp.,* No. 03-CV-1950 (WGB), 2006 WL 42368, at *2 (D.N.J. Jan. 6, 2006) (fraud and misrepresentation claims preempted by FLSA because they were "derived completely from plaintiffs' overtime claims.")

Plaintiff's common law civil conspiracy claims must therefore be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss should be granted, and Defendants should be awarded such other relief that the court deems just and proper.

Dated: New York, New York
       May 16, 2017

                                        _____/S/_____
                                        Stuart Weinberger
                                        Goldberg and Weinberger LLP
                                        630 Third Avenue, 18th Floor
                                        New York, New York 10017
                                        (212) 867-9595 x 313