| | |
|---|---|
| LISA MATSON, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCO, SILVER CARE OPERATIONS, LLC d/b/a/ ALARIS HEALTH AT CHERRY HILL, SOUTH CENTER STREET NURSING LLC d/b/a ALARIS HEALTH AT ST. MARY'S, and AVERY EISENREICH,<br><br>Defendants. | 1:17-cv-1918 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES**

DANIEL ARI HOROWITZ
MATTHEW D. MILLER
SWARTZ SWIDLER LLC
1101 KINGS HIGHWAY NORTH
SUITE 402
CHERRY HILL, NJ 08034
    On behalf of Plaintiff

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017
    On behalf of Defendants

**HILLMAN**, District Judge

This is a Fair Labor Standards Act (FLSA) and New Jersey Wage and Hour Law (NJWHL) matter. Plaintiff argues she, and those similarly situated, were not paid proper overtime compensation in violation of the FLSA and NJWHL. Before the Court is Defendants' July 5, 2017 Motion to Dismiss. For the reasons that follow, the Court will deny Defendants' Motion to Dismiss.

## I.

The Court takes its facts from Plaintiff's June 7, 2017 Amended Complaint. Plaintiff was employed by Defendants as a Registered Respiratory Therapist from October 2013 to December 7, 2016. Plaintiff earned $33 per hour as a Registered Respiratory Therapist.

Defendant Avery Eisenreich owns SCO, Silver Care Operations, LLC d/b/a Alaris Health at Cherry Hill ("Cherry Hill") and South Center Street Nursing LLC d/b/a Alaris Health at St. Mary's ("St. Mary's"), as well as other Alaris facilities. The payrolls for employees at Cherry Hill, St. Mary's, and other Alaris facilities are processed centrally by Defendants' payroll administrator Joanne Rocco.

Until April 2015, Plaintiff worked exclusively at the Cherry Hill location. In April 2015, Plaintiff also began working at the St. Mary's location. After that point, during at

2

least nine two-week pay periods, Plaintiff worked at both the Cherry and St. Mary's locations during the same workweeks. This resulted in Plaintiff typically working over forty total hours per workweek. According to Plaintiff, these hours were not aggregated for the purpose of paying Plaintiff overtime wages.

Plaintiff argues Defendants failed to aggregate the total hours worked by Plaintiff at Defendants' facilities for the purpose of paying overtime when she worked at more than one of the facilities. Plaintiff alleges Defendants consequently failed to pay at least one and a half times her regular rates for all hours worked in excess of forty hours a week during the weeks she worked at multiple locations.

Plaintiff's Amended Complaint asserts three counts: (1) violations of the FLSA, (2) violations of the NJWHL, and (3) civil conspiracy.[1] Defendants filed their Motion to Dismiss on July 5, 2017.

## II.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff brings this action to remedy alleged violations of the FLSA, 29 U.S.C. § 201, et seq. This Court exercises supplemental jurisdiction over Plaintiff's remaining

---

[1] The civil conspiracy claim was voluntarily dismissed by Plaintiffs on August 4, 2017 pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

state law wage claim pursuant to 28 U.S.C. § 1367.[2]

**III.**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v.

---

[2] For a Rule 23 class certification, plaintiffs must opt-out of the class, whereas plaintiffs must opt-in under the FLSA's conditional certification. Jones v. SCO, Silver Care Operations, No. 13-7910, 2014 WL 5410627, at *1 n.1 (D.N.J. Oct. 23, 2014). "Actions that proceed under both 'opt-in' and 'opt-out' procedural mechanisms are sometimes referred to as 'hybrid' actions." Id. The Third Circuit, in Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012), "ruled that jurisdiction over a Rule 23 'opt-out' class action based on state-law claims that parallel the FLSA is not 'inherently incompatible' with the FLSA's conditional certification 'opt-in' procedure." Id. (quoting Knepper, 675 F.3d at 260). The Court will exercise supplemental jurisdiction over Plaintiffs' NJWHL claim because the underlying operative facts are the same as the FSLA claim. See id.

Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Bell Atl. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

**IV.**

Defendants' Motion to Dismiss does not seek to dismiss Plaintiff's claim as asserted individually. Rather, at this stage, Defendants seek only to dismiss Plaintiff's collective action and class action claims, alleging they were not sufficiently pleaded.

5

In determining whether Plaintiff's class action and collective action claims should go forward, the Court recognizes that, under Federal Rule of Civil Procedure 23(c)(1)(A), "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Plausibly, this could be accomplished prior to discovery pursuant to a Rule 12(b)(6) motion. S. Broward Hosp. Dist. v. MedQuist, Inc., 516 F. Supp. 2d 370, 401 (D.N.J. 2007). However, "decisions in this District teach that a dismissal of class certification allegations should be ordered only 'in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.'" Id. (quoting Clark v. McDonald's Corp., 213 F.R.D. 198, 205 n.3 (D.N.J. 2003)). "Dismissal at this stage in the litigation would not allow Plaintiffs to fully develop their class claims through discovery." Id. "[T]he better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.'" Id. at 401-02 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The general principal that "[d]ismissal of class allegations at this stage should be done rarely" guides this Court in deciding the pending motion. Id. at 401.

Plaintiff brings her NJWHL claim both individually and on behalf of those similarly situated. Federal Rule of Civil

Procedure 23(a) provides the prerequisites for a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to satisfying the prerequisites in Rule 23(a), a purported class action also must satisfy Rule 23(b) under either subsection (1), (2), or (3). Plaintiff's Complaint appears to key the class action to Rule 23(b)(3). Rule 23(b) provides, in pertinent part:

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
> . . . .
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

7

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

"Plaintiff seeks to represent a class of all persons who worked for Defendants as non-exempt, hourly employees at any point during the two years preceding the date the instant action was initiated, who were subject to Defendants' unlawful pay practices," i.e., whose hours were not aggregated when working at multiple facilities in the same workweek, resulting in Defendants' not paying overtime.

With regard to the Rule 23(a) requirements, Plaintiff alleges "[t]he class is so numerous that the joinder of all class members is impracticable." Plaintiff pleads that the potential class is likely over forty members. Plaintiff pleads there are "questions of law and fact that are common to the class," such as "whether Defendants failed to pay proper overtime wages to Named Plaintiff and Class Plaintiffs who worked at multiple locations during the same workweek." Plaintiff further alleges "Plaintiff's claims are typical of the

claims of the putative class members" and that "Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the Class" and because "Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes."

The Court finds Plaintiff's complaint has sufficiently pleaded the requirements of Rule 23(a) to survive this Motion to Dismiss. Plaintiff's Complaint also contains sufficient allegations to satisfy Rule 23(b)(3), stating that "[q]uestions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class." The Court finds Plaintiff has pled sufficient allegations to survive a motion to dismiss her class action claim at this stage of the litigation.

Plaintiff brings her FLSA claim both individually and as a collective action pursuant to Section 16(b) of the FLSA. 29 U.S.C. § 216(b) provides: "An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Thus, "[t]o certify a case as a collective action under the FLSA, the Court must determine that employees in the class are 'similarly situated,' within the

meaning of § 16(b) of the Act." Bredbenner v. Liberty Travel, Inc., Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *17 (D.N.J. Apr. 8, 2011). The "factors to reach a final determination on class certification under the FLSA . . . include '(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [defendants] which appear to be individual to each plaintiff, [and] (3) fairness and procedural considerations.'" Id. (alterations in original) (quoting Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 (D.N.J. 1987)). "[T]he analysis for final certification 'largely overlap[s] with class certification under Federal Rule of Civil Procedure 23(a).'" Id. (second alteration in original) (quoting Murillo v. Pac. Gas & Elec. Co., No. 08-1974, 2010 WL 2889725, at *3 (E.D. Cal. July 21, 2010)).

Plaintiff pleads "Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar pay provisions and are all subject to Defendants' unlawful policies and practices." For substantially the same reasons the Court found the Rule 23(a) and (b) requirements were met, the Court similarly finds Plaintiff sufficiently pleaded the FLSA collective action requirements to survive this motion to dismiss.

Finding Defendants' Motion to Dismiss Plaintiff's class action and collective action claims to be premature, the Court will deny Defendants' Motion to Dismiss.

An appropriate Order will follow.


Date: February 23, 2018         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.