# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA MATSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SCO, SILVER CARE OPERATIONS, LLC d/b/a ALARIS HEALTH AT CHERRY HILL, *et al.*<br><br>　　　　　　Defendants. | Civil Action No. 1:17-cv-01918 |

## MOTION FOR APPROVAL OF SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES AND COSTS

### Introduction

On November 29, 2018, the Parties reached an agreement to settle this matter for $9,000, inclusive of attorneys' fees and costs. (*See* Proposed Settlement Agreement and Release attached to Decl. of Daniel A. Horowitz, Esq. at Exhibit A).

Pursuant to the agreement, Defendants will pay $9,000 to settle all claims in this action. The settlement resolves all claims, including allegations that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"). In exchange for the payment of $9,000, Plaintiff will release all claims against Defendants except for claims filed in a separate lawsuit under the Family and Medical Leave Act and the New Jersey Law Against Discrimination, which is currently pending in the District of New Jersey.

The settlement provides Plaintiff with more than she could have recovered had she obtained a verdict in court plus an additional amount for attorneys' fees and costs.

For the reasons stated above and briefed below, this Court should approve the settlement reached.

## Legal Argument

**I.    The Settlement Should Be Approved.**

In agreeing upon their settlement reached herein, the Parties obtained enough information over the course of the litigation to allow them to make informed decisions regarding settlement. Plaintiff also respectfully submits that this Court should approve the settlement reached among the Parties as fair and reasonable. *See* 29 U.S.C. §216(c); *Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *2 (D. N.J. 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

District courts in the Third Circuit typically look to the considerations set forth in *Lynn's Food* when deciding whether to approve a FLSA settlement. *Altenbach v. Lube Center, Inc.*, 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *1 (M.D. Pa. 2013). Pursuant to *Lynn's Food*, the Court reviews the parties' agreements to determine if they are "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in the litigation of FLSA claims. Both the terms and conditions of the Settlement Agreement and the settlement amounts were the subject of arms-length negotiations. The settlement amount was based on Plaintiff's pay records, as well as negotiations between counsel. Plaintiff, therefore, respectfully submits that the proposed Settlement Agreement represents a

reasonable compromise of Plaintiff's claims consistent with the FLSA's intent and purpose and the requirements of *Lynn's Food*.

Plaintiff filed the instant action to recover overtime wages based on one alleged violation of the FLSA: Defendants failed to aggregate wages earned by Plaintiff while working at multiple facilities during the same workweek for the purpose of paying overtime wages. In other words, Defendants paid Plaintiff overtime wages only if she worked more than 40 hours at a single facility in a workweek. Though Plaintiff filed the action as a collective and class action under the FLSA and New Jersey wage law, respectively, Plaintiff never moved for certification of either class and no other individuals joined the litigation. The Parties reached the settlement at the early stages of these proceedings.

Plaintiff calculated total unpaid overtimes wages of $1,740. Including liquidated (double) damages under the FLSA, Plaintiff's best day in court would yield a recovery of $3,481.50. Through the proposed settlement, Plaintiff will receive $5,556.13, which is $2,047.63 more than Plaintiff's maximum potential recovery.

Accordingly, the settlement, which pays Plaintiff more than 100% of all potential damages, is reasonable, fair, and should be approved.

## II.     The Court should award the requested attorneys' fees and costs.

Finally, in FLSA cases, judicial approval of attorneys' fees is necessary "'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *In re Chickie's & Pete's Wage & Hour Litig.,* 2014 U.S. Dist. LEXIS 30366, *11-13 (E.D. Pa. 2014); *Brumley*, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *9 (*quoting Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir.

2009)). The court "must articulate the basis for a fee award." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001).

Counsel here seeks an award of fees and costs of $3,443.87. The requested fee is based on the substantial work Counsel performed in the lawsuit and the substantial risk Counsel took in bringing and prosecuting the lawsuit. Counsel took this case on a pure contingency and agreed to receive nothing in this matter – including waiving recoupment of all costs – if Plaintiff did not obtain a recovery in this matter.

Counsel has diligently litigated this matter without any compensation. During that time, Counsel has incurred $665.80 in costs relating to the prosecution of this matter. (*See* Decl. of Daniel A. Horowitz, Esq. at ¶ 3). Prior to settling this matter, Counsel 1) investigated Plaintiff's claims, 2) drafted and filed the Complaint and the First Amended Complaint, 3) drafted and filed Plaintiff's Motion to Amend and her Second Amended Complaint; 4) opposed Defendants' Motion to Dismiss, 5) participated in the Rule 16 conference and subsequent telephone conference with the Court, and 6) served and responded to written discovery requests.

Two different partners at Swartz Swidler, LLC worked on this case.[1] The time spent by counsel on just Plaintiff's brief in opposition to Defendants' Motion to Dismiss and her Motion to Amend was 24 hours. (*See* Decl. of Daniel A. Horowitz, Esq. at ¶ 4). At a modest hourly rate of $300 per hour[2], the lodestar for just those 24 hours spent by undersigned counsel is $7,200.

Accordingly, $3,443.87, which is inclusive of both attorneys' fees and costs[3], is reasonable.

---

[1] Daniel A. Horowitz and Matthew D. Miller.
[2] Five years ago, in 2014, the District Court for the Eastern District of Pennsylvania found in two different cases that $500 per hour was a reasonable hourly rate for partners at Swartz Swidler, LLC. *See McGee v. Anne's Choice, Inc.*, 2014 U.S. Dist. LEXIS 75840 (E.D. Pa. 2014); *Keller v. T.D. Bank, N.A.*, 2014 U.S. Dist. LEXIS 155889, *15 (E.D. Pa. 2014).

## Conclusion

For the reasons as stated above, Plaintiff requests that the Court approve the proposed settlement and award the attorneys' fees and costs as requested.

Respectfully Submitted,

*/s/ Daniel Horowitz*
Daniel A. Horowitz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N, Ste. 402
Cherry Hill, NJ 08034
Telephone: (856) 685-7420
Facsimile: (856) 685-7417

Attorneys for Plaintiff

Dated: August 14, 2019