**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LISA MATSON, on behalf of herself and those similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCO, SILVER CARE OPERATIONS, LLC d/b/a ALARIS HEALTH AT CHERRY HILL; SOUTH CENTER STREET NURSING LLC d/b/a ALARIS HEALTH AT ST. MARY'S; AVERY EISENREICH; and ALARIS HEALTH, LLC,<br><br>　　　　　Defendants. | 1:17-cv-1918-NLH-AMD<br><br>**OPINION** |

**APPEARANCES**

DANIEL ARI HOROWITZ
SWARTZ SWIDLER LLC
1101 KINGS HIGHWAY NORTH
SUITE 402
CHERRY HILL, NJ 08034

MATTHEW D. MILLER
SWARTZ SWIDLER LLC
1101 KINGS HIGHWAY NORTH
SUITE 402
CHERRY HILL, NJ 08034

　　*Counsel for Plaintiff.*

STUART WEINBERGER
GOLDBERG & WEINBERGER LLP
630 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10017

>    *Counsel for Defendants SCO, Silver Care Operations, LLC d/b/a Alaris Health at Cherry Hill; South Center Street Nursing LLC d/b/a Alaris Health at St. Mary's; and Avery Eisenreich.*

DAVID F. JASINSKI
JASINSKI, PC
60 PARK PLACE
8TH FLOOR
NEWARK, NJ 07102

PETER P. PERLA
JASINSKI, PC
60 PARK PLACE
8TH FLOOR
NEWARK, NJ 07102

>    *Counsel for Defendant Alaris Health, LLC.*

**HILLMAN**, **District Judge**

This matter comes before the Court on Plaintiff's unopposed motion to approve a settlement reached in this Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") matter (ECF No. 60). On March 23, 2017, Plaintiff filed an initial complaint alleging Defendants violated the FLSA by failing to properly pay overtime wages for overtime hours worked.[1] Plaintiff filed a first amended complaint on June 7, 2017 (ECF No. 8), which

---

[1] While Plaintiff initially filed this matter as a putative class action, the record reflects that this matter was litigated on behalf of only one plaintiff, Lisa Matson. At no point did Plaintiff seek class certification or otherwise actively pursue claims on behalf of a putative class. Because the papers before this Court reflect that no class claims have been pursued, the Court refers to Plaintiff in her individual capacity only. Relatedly, Plaintiff seeks Court approval of a settlement she, in her individual capacity, reached with Defendants. The Court, therefore, addresses only that individualized settlement herein.

2

Defendants moved to dismiss (ECF No. 12). After the parties fully briefed Defendants' motion to dismiss, this Court issued an Opinion and Order denying that motion. (ECF Nos. 21 & 22). After Plaintiff filed a second amended complaint in this matter, (ECF No. 36), on February 5, 2019, the parties advised the Court that they had reached a settlement in principal. (ECF No. 53).

Because Plaintiff's claims allege violations of the FLSA, the Court is required to review the settlement agreement and determine (1) whether the matter concerns a bona fide dispute, and (2) whether the settlement is a fair and reasonable resolution for Plaintiff. See Brumley v. Camin Cargo Control, Inc., No. 08-1798, 2012 WL 1019337, at *1 (D.N.J. 2012) ("Employees have two avenues for compromising an FLSA claim: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); and (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b)"); Chillogallo v. John Doe LLC #1, No. 15-537, 2018 WL 4735737, at *1 (D.N.J. 2018) (Bumb, J.) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)) ("When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions"); Bettger v.

3

Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. 2015).

The settlement agreement, which Plaintiff has provided to the Court, reflects a compromised settlement of $9,000 inclusive of attorneys' fees and costs. Plaintiff asks the Court to approve the following distribution for this sum: (1) $5,556.13 to Plaintiff, and (2) an award to counsel for fees and costs in the amount of $3,443.87. (ECF No. 60-2).

The Court finds this matter concerns a bona fide dispute and the settlement is a fair and reasonable resolution for Plaintiff. Plaintiff filed multiple complaints in this matter, the facts of which Defendants contested by way of a motion to dismiss. This Court determined that dismissal was not warranted and previously permitted this action to proceed. Such evinces the bona fide nature of the parties' dispute.

As to the fairness of the settlement, the FLSA contemplates that damages shall include: (1) any unpaid overtime compensation; and (2) in addition, an equal amount as liquidated damages. 29 U.S.C. § 216(b). Plaintiff represents that the amount she will receive under the proposed settlement is nearly double what she could have obtained with a complete trial verdict in her favor.[2] (ECF No. 60 at 3) ("Plaintiff calculated

---

[2] The Court pauses to express certain concerns regarding the monetary aspects of this settlement. Outside the context of

4

punitive damages, which are not available under the FLSA, the Court is unaware of any other statutory context in which a plaintiff is entitled to a monetary recovery in excess of actual and statutory damages.  If the law limits Plaintiff's damages to those two categories, what principle of law or equity entitles her to more?  The circumstances suggest Plaintiff is being compensated for something other than the damages she is entitled to under the law.

Two possibilities spring to mind and both are, in the view of this Court, problematic.  The first possibility arises from the FLSA's fee-shifting provision.  If this matter were to proceed to trial, Defendants would certainly incur additional attorneys' fees, as would Plaintiff.  One view of this settlement is that Defendants are paying Plaintiff some portion of that additional cost of attorneys' fees to avoid actually incurring them.  But this does not compensate Plaintiff for anything.  If Plaintiff proceeded to trial and won, she would still only be personally entitled to her statutory and actual damages.  Any award of attorneys' fees as a prevailing party under the statute would be paid to her attorney or as compensation for fees she advanced to her attorney.  Any fee award, however, is not money for her pocket.  Yet, that is what this settlement appears to call for – extra money for Plaintiff; money that could be viewed as a portion of attorneys' fees Defendants seek to avoid paying to its own attorney to try the case.  But in New Jersey, non-attorneys are not entitled to retain attorneys' fees and doing so represents the practice of law without a license.  See New Jersey Rules of Professional Conduct, Rule 5.4(a) ("A lawyer or law firm shall not share legal fees with a nonlawyer"); Matter of Franklin, 200 A.3d 411, 412 (N.J. 2019) (citing RPC 5.4(a)). Moreover, this seems a perversion of the theory underlying statutes with fee-shifting provisions.  Such laws exist to incentivize attorneys to take difficult cases and, in the context of the FLSA, cases that have relatively small amounts of actual and statutory damages.  Such provisions are not designed to incentivize plaintiffs to bring cases to make money by leveraging compensation beyond that contemplated by a statute drafted to reflect a legislative judgment about fair compensation for the alleged harm.

A second possibility is equally troubling.  As noted previously, Plaintiff filed this action as a punitive class action but never pursued it as such.  She will now receive an amount in excess of her actual damages despite allegations Defendants' statutory violations were widespread, raising the prospect that Plaintiff

total unpaid overtimes wages of $1,740.  Including liquidated (double) damages under the FLSA, Plaintiff's best day in court would yield a recovery of $3,481.50.  Through the proposed settlement, Plaintiff will receive $5,556.13, which is $2,047.63 more than Plaintiff's maximum potential recovery.").  A resolution of this action for an amount exceeding Plaintiff's actual damages appears to fairly compensate Plaintiff while also taking into consideration the risks of continued litigation

---

is being paid extra to prevent her from stirring the pot further.  The Court recognizes that Defendants have an interest in finality and may elect to pay a premium to resolve disputes that may otherwise pose a risk of continued litigation and the costs associated therewith.  On the other hand, in the proposed FLSA class action context, settlements offering an individual putative class plaintiff an amount beyond the maximum they could recover at trial may be seen as an attempt to persuade that individual to settle and abandon class-based claims that may provide relief for a larger group of aggrieved employees.  Courts are cautioned against approving FLSA settlements that "overreach" to obtain a "waiver of statutory rights" offered to employees.  See gen. Lynn's Food, 679 F.2d at 1354 ("When the parties seek approval by the district court, the settlement will be approved if it is 'a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'").  Under the settlement agreement before the Court, it is only this Plaintiff waiving rights against Defendants.  Because this matter resolves only the individual claims brought by Plaintiff, and because members of the putative class retain their rights to proceed against Defendants, the Court finds this settlement may proceed for the reasons discussed, infra, despite the Court's misgivings about the unusual and potentially troubling nature of this settlement.  If the Court is under a misperception or has mischaracterized this matter, the parties are extended the opportunity, but are not required, to respond by letter filed on the docket within 14 days of the Opinion which the Court will construe as a motion for reconsideration.

borne by each party if this matter were not amicably resolved.

With regard to attorneys' fees, Plaintiff's counsel is entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages under the FLSA. 29 U.S.C. § 216(b). To determine the reasonableness of an attorneys' fee award in a FLSA action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Brumley, 2012 WL 1019337, at *9 (citations omitted).

Plaintiff's counsel explains they will receive $3,443.87 of the $9,000 settlement for fees and costs relating to this action, or approximately 38% of the overall settlement fund. The Court has no reason to question the reasonableness of the attorneys' fees and costs requested in this case. First, Plaintiff's attorneys represent they spent $665.80 in litigation costs, including a $400 filing fee and costs related to service of process. (ECF No. 60-3). Such costs are reasonable. As for fees, Plaintiff's attorneys represent they spent substantial time drafting and filing various amended complaints and successfully opposing a motion to dismiss. These attorneys certify they spent at least 24 hours of partner-level time on these tasks. (ECF No. 60-1). The Court had a first-row view of this work and finds counsel's efforts warrant a fee award in the

7

range requested, which is fair and reasonable under the circumstances.  See, e.g., Lyons v. Gerhard's Inc., No. 14-6693, 2015 U.S. Dist. LEXIS 92348, *12 (E.D. Pa. July 15, 2015) (approving counsel fee and cost award of 44% of the total settlement amount).  As such, this Court will approve the fee and cost award to Plaintiff's counsel in the requested amount of $3,443.87.

For the reasons set forth herein, and despite the stated misgivings, the Court will grant Plaintiff's unopposed motion to approve the settlement in the amount of $9,000 inclusive of attorneys' fees and costs.

An appropriate Order will be entered.


Date: May 19, 2020			s/ Noel L. Hillman
At Camden, New Jersey		NOEL L. HILLMAN, U.S.D.J.

8